

ELECTRONIC

**May 15, 2014**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 14-20347-CR-MIDDLEBROOKS./GARBER

Case No. _____

18 U.S.C. § 554
18 U.S.C. § 1512(b)(3)
18 U.S.C. § 371
18 U.S.C. § 2

UNITED STATES OF AMERICA

v.

RICHARD SHERIDAN
        and
MICHAEL HEGARTY,

                    Defendants. /
_____

## INDICTMENT

The Grand Jury charges that:

## BACKGROUND

At all times material to this Indictment:

### Regulation of Trade in Endangered Species

1.      The Endangered Species Act ("ESA"), Title 16, United States Code, Sections 1531 et seq., was enacted by Congress to conserve endangered and threatened species and the ecosystems upon which they depend.

2.      The term "endangered species" means any species, or part thereof, which is in danger of extinction throughout all or a significant portion of its range.  Title 16, United States Code, Section 1532(6).

3.      All species determined to be endangered under the ESA are listed in Title 50, Code of Federal Regulations, Section 17.11.  The ESA makes it unlawful to knowingly deliver, receive, carry, transport, or ship in interstate or foreign commerce, by any means whatsoever and in the course of a commercial activity, endangered species of fish and wildlife, including Black rhinoceros; and to sell and offer to sell endangered species of fish and wildlife, including Black rhinoceros, in interstate and foreign commerce, as set forth in Title 16, United States Code, Sections 1538(a)(1)(E) and (F) and 1540(b)(1). Federal regulations also require that, upon exportation of any wildlife, exporters or their agents must file with FWS a completed declaration for Importation or Exportation of Fish and Wildlife (form 3-177), and that all wildlife exports must be cleared by an FWS officer. 50 C.F.R. § 14.61. The wildlife being exported, along with all required permits, licenses, and other documents must also be presented to the FWS officer. 50 C.F.R. § 14.52.

4.      The term "fish or wildlife" means any member of the animal kingdom, including without limitation any mammal, fish, bird (including any migratory, nonmigratory, or endangered bird for which protection is also afforded by treaty or other international agreement), amphibian, reptile, mollusk, crustacean, arthropod, or other invertebrate, and includes any part, product, egg, or offspring thereof, or the dead body or parts thereof.  Title 16, United States Code, Section 1532(8).

5.      Rhinoceros are an herbivore whose only known predators are human beings. Rhinoceros are characterized by their enormous size, leathery skin, and horns. A major threat to the survival of the rhinoceros is illegal hunting resulting from the international demand for rhinoceros horn, which is prized as carved art objects and in some cultures for its alleged

2

medicinal value. Rhinoceros horn is a highly valued and sought after commodity despite the fact that international trade has been largely banned and highly regulated since 1976. Rhinoceros horns, both carved and "raw" are particularly sought after in China and other Asian countries as well as in the United States. One form of carved rhinoceros horn particularly prized in the illegal market takes the form of intricately hand-carved dinking cups, known as "libation cups." The escalating value of these items has resulted in an increased demand for rhinoceros horn and helped to foster a thriving black market. Most species of rhinoceros are extinct or on the brink of extinction as a result of this thriving black market.

6. The Black rhinoceros (*Diceros bicornis*) is a species of rhinoceros native to eastern and central Africa. The Black rhinoceros, *Diceros bicornis*, was listed as an endangered species in July 1980. 45 Federal Register 47352, 47354.

7. The Lacey Act makes it unlawful for a person to, *inter alia*, engage in conduct that involves the sale or purchase, or attempted sale or purchase in interstate or foreign commerce of wildlife with a market value in excess of $350.00, knowing that the wildlife was taken, possessed, transported or sold in violation of or in a manner unlawful under a law or regulation of the United States. 16 U.S.C. § 3372(a)(1) and (a)(4).

## COUNT 1
### Conspiracy To Traffic Protected Wildlife
### (18 U.S.C. § 371)

1. Paragraphs 1 through 7 of the Background section of this Indictment are incorporated herein by reference as if set forth in their entirety.

3

2.      Beginning on an unknown date, but at least as early as on or about January 1, 2012 and continuing through on or about November 30, 2012, at Miami-Dade County in the Southern District of Florida and elsewhere, the defendants,

**RICHARD SHERIDAN**
**and**
**MICHAEL HEGARTY,**

did willfully, that is with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to commit certain offenses against the United States, that is: to carry, deliver, receive, transport, and ship, in interstate and foreign commerce by any means whatsoever and in the course of a commercial activity, any endangered species of fish or wildlife, that is, horns from Black rhinoceros, and to sell and offer for sale in interstate and foreign commerce, such species,  in violation of Title 16, United States Code, Sections 1538(a)(1)(E) and (F).

### Purpose of the Conspiracy

3.      The purpose of the conspiracy was for the defendants and their co-conspirators, known and unknown to the Grand Jury, to acquire, sell, receive, carry, transport, deliver, and ship in interstate and foreign commerce, black rhinoceros horns for financial gain.

### Manner and Means of the Conspiracy

The manner and means by which the defendants sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4.      In furtherance of the conspiracy and to effect the illegal objects thereof, the defendants, operating from the State of Florida, identified a business located in Rockingham, North Carolina that was offering a carved Libation Cup, made from the horn of a black

rhinoceros, at auction. Thereafter, the defendants travelled from London, England, through Atlanta, Georgia, to Miami, Florida, in order to arrange for the acquisition of the Libation Cup.

5.    In furtherance of the conspiracy and to effect the illegal objects thereof, the defendants travelled to North Carolina and successfully acquired the Libation Cup, which was then transported to Coconut Grove, Florida.

6.    In furtherance of the conspiracy and to effect the illegal objects thereof, the Libation Cup was then transported from the United States to the United Kingdom to be offered for sale, without first being declared for export as required by law to the U.S. Fish & Wildlife Service and the U. S. Customs and Border Protection, Department of Homeland Security, and without first applying for and obtaining a permit under the ESA.

## Overt Acts

In furtherance of the conspiracy, and to effect the object and purpose thereof, there were committed and caused to be committed by at least one of the co-conspirators herein, within the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

1.    On or about April 18, 2012, **RICHARD SHERIDAN** and **MICHAEL HEGARTY** departed from London, England by commercial air carrier and arrived in Miami, Florida on April 19, 2012.

2.    On or about April 25, 2012, **RICHARD SHERIDAN, MICHAEL HEGARTY,** and an individual known to the Grand Jury travelled by commercial air carrier to North Carolina.

3.      On or about April 25, 2012, at Rockingham, North Carolina, **MICHAEL HEGARTY** provided an auction house the personal information of an individual known to the Grand Jury, in order to register for participation in an auction on that date.

4.      On or about April 25, 2012, **RICHARD SHERIDAN**, in the presence of **MICHAEL HEGARTY,** and an individual known to the Grand Jury, bid for and purchased Lot 463, described as a Chinese Rhinoceros Horn Chilong Libation Cup, at an auction in Rockingham, North Carolina.

5.      On or about May 3, 2012, at the direction of **RICHARD SHERIDAN** and **MICHAEL HEGARTY,** an individual known to the Grand Jury wired $59,225.00 from a Citibank account in Miami, Florida to an account in North Carolina, which included a payment of $50,000.00 for the rhinoceros horn Libation Cup comprising Lot 463.

6.      On or about May 4, 2012, **MICHAEL HEGARTY** issued packing and shipping instructions by telephone from Coconut Grove, Florida to a Federal Express shipping office in Hillsborough, North Carolina, seeking to insure that delivery of the Black rhinoceros Libation Cup to a Florida address would occur no later than May 5, 2012.

7.      On or about May 16, 2012, **RICHARD SHERIDAN** travelled by commercial air carrier from Miami, Florida to London, England, via Atlanta, Georgia, exporting the Libation Cup from the United States and importing the Libation Cup into the United Kingdom.

8.      On or about July 19, 2012, at Wandsworth, London, England, **RICHARD SHERIDAN** attempted to sell the Libation Cup from Lot 463 to a native of Hong Kong, China.

9.     On an unknown date, but no later than August 23, 2012, **RICHARD SHERIDAN** fraudulently altered an invoice issued upon the auction of Lot 463 to reflect a false price of $500.00 for the Libation Cup and included a statement falsely and fraudulently indicating that he was authorized to sell the cup on behalf of the owner.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
## Smuggling
## (18 U.S.C. § 554)

1.     Paragraphs 1 through 7 of the Background section of this Indictment are incorporated herein by reference as if set forth in their entirety.

2.     On or about May 16, 2012, at Miami-Dade County in the Southern District of Florida and elsewhere, the defendants,

**RICHARD SHERIDAN**
**and**
**MICHAEL HEGARTY,**

did fraudulently and knowingly concealed and in manner facilitated the transportation and concealment of any merchandise, article, and object, that is a Libation Cup carved from an endangered Black Rhinoceros (*Diceros bicornis*) horn, prior to exportation, knowing the same to be intended for exportation contrary to any law and regulation of the United States, specifically Title 16, United States Code, Section 1538(c)(1) and the regulations promulgated thereunder, in violation of Title 18, United States Code, Sections 554 and 2.

7

## COUNT 3
**Obstruction of Justice**
**(18 U.S.C. § 1512(b)(3))**

On or about September 1, 2012, at Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

**MICHAEL HEGARTY,**

did knowingly and corruptly attempt to persuade another, with the intent to hinder, delay, and prevent the communication to a law enforcement officer of the United States of information relating to the commission or possible commission of a federal offense, in violation of Title 18, United States Code, Section 1512(b)(3).

A TRUE BILL.

FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Thomas Watts-FitzGerald
Assistant United States Attorney

8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. _____ |
| vs. | |
| RICHARD SHERIDAN et. al., | **CERTIFICATE OF TRIAL ATTORNEY*** |
| _____ Defendants. _____/ | **Superseding Case Information:** |

**Court Division:** (Select One)

|  | | | | New Defendant(s) | Yes _____ | No _____ |
|---|---|---|---|---|---|---|
| _X_ | Miami | _____ | Key West | Number of New Defendants | _____ | |
| _____ | FTL | _____ | WPB | _____ FTP | Total number of counts | _____ |

I do hereby certify that:

1.     I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.     I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.     Interpreter:    (Yes or No)    __NO__
      List language and/or dialect    _____

4.     This case will take __4__ days for the parties to try.

5.     Please check appropriate category and type of offense listed below:

(Check only one)

| | | | (Check only one) | |
|---|---|---|---|---|
| I | 0 to 5 days | _X_ | Petty | _____ |
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | _X_ |
| V | 61 days and over | _____ | | |

6.     Has this case been previously filed in this District Court? (Yes or No) No __No__
If yes:
Judge: _____ Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter? (Yes or No) __No__
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____ District of _____

Is this a potential death penalty case? (Yes or No) __NO__

7.     Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? _____ Yes _X_ No

8.     Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? _____ Yes _X_ No

_____
THOMAS WATTS-FITZGERALD
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0273538

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: RICHARD SHERIDAN

**Case No**:

Count # 1:

Conspiracy To Traffic Protected Wildlife

Title 18, United States Code, Section 371

**\* Max. Penalty**: Five (5) years' imprisonment

Count # 2:

Smuggling

Title 18, United States Code, Section 554

**\*Max. Penalty**: Ten (10) years' imprisonment

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: MICHAEL HEGARTY

**Case No**:

Count # 1:

Conspiracy To Traffic Protected Wildlife

Title 18, United States Code, Section 371

**\* Max. Penalty**: Five (5) years' imprisonment

Count # 2:

Smuggling

Title 18, United States Code, Section 554

**\*Max. Penalty**: Ten (10) years' imprisonment

Count # 3:

Obstruction of Justice

Title 18, United States Code, Section 1512 (b)(3)

**\*Max. Penalty**:   Twenty (20) years' imprisonment

Count #:

**\*Max. Penalty**:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**