UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   14-20347-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA

v.

MICHAEL HEGARTY,

    Defendant.
_____/

# GOVERNMENT'S RESPONSE TO
# THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

A. 1. The government is aware of a recorded statement made by the co-defendant at the time of his arrest in the United Kingdom in July 2012. A copy of the recording will be provided at the Discovery Conference referenced in paragraph 5 infra.

    A copy of a written statement made by the co-defendant in connection with a separate prosecution in the United Kingdom also exists and will be provided at the Discovery Conference.

2. The government is unaware of any relevant oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial.

    Materials were provided to the defense on August 2, 2017, as *Jenks* material for the Special Agent expected to testify at the detention hearing of defendant. Additionally, that material included affidavits and other documents providing extensive background on this case which were voluntarily provided by the government

3. No defendant testified before the Grand Jury.

4. The defendant is known to have a prior criminal record from arrests occurring in Miami-Dade County. An NCIC records check and Florida records reflecting those arrests will be made available at the Discovery Conference.

5. Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected at a mutually convenient time at: the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida, Suite 400. The undersigned will tentatively set the date for August 14, 2017 at 2:00 pm. Please call the undersigned with 48 hours' notice if you intend to review the evidence at this date and time.

6. A laboratory analysis of the rhino horn seized in connection with this case is being prepared and will be provided to the defense upon its receipt by government counsel.

B. DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government has made no representations or promises regarding any payments, promises of immunity, leniency, preferential treatment, or other inducements to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959), with the exception of a June 12, 2013 "*Kastigar* letter," provided to a witness to the underlying matter sin this case. A copy of the letter will be provided to the defense at the Discovery Conference.

E. The government is unaware of any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. A witness positively identified the co-defendant from a photograph presented for review. Additionally, employees of an auction house in North Carolina identified both defendants from photographs provided by a Special Agent, as being the two male individuals involved in the bidding and acquisition of the rhino horn at issue in this case. Additionally, videotape of the auction clearly depicts the two defendants.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband is involved in this indictment, other than the rhino horn referenced, supra.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints, which have been identified by a government expert as those of the defendant.

N. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the Discovery Conference.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

        Respectfully submitted,

        BENJAMIN G. GREENBERG
        ACTING UNITED STATES ATTORNEY

By: /S/ Thomas A. Watts-FitzGerald
     Assistant United States Attorney
     Florida Bar No. 0273538
     99 Northeast 4th Street
     Miami, Florida 33132-2111
     Tel: (305) 961-9413

cc: Special Agent Robert Snow,
    U.S Fish & Wildlife Service

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 8, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified.

/S/ Thomas A. Watts-FitzGerald
Assistant United States Attorney

## SERVICE LIST

United States v. Michael Hegarty
Case No.   14-20347-CR-MIDDLEBROOKS

Helaine B. Batoff, Esq.
Assistant federal Public Defender
150 W. Flagler Street, Suite 1700
Miami, FL 33130-1556
Counsel for Michael Hegarty
Service by CM/ECF